**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOMMY BLAKE McCARY,

    Defendant - Appellant.

No. 15-7035
(D.C. Nos. 6:13-CV-00493-RAW and
6:11-CR-00025-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

    Defendant Blake McCary, a federal prisoner proceeding pro se, seeks a

certificate of appealability to appeal the district court's denial of his § 2255 habeas

petition.

    In 2009, Defendant completed the custodial portion of his sentences for

several previous convictions and was placed on supervised release. The terms of his

supervised release included random drug testing and participation in outpatient

counselling. In 2013, the government filed a petition to revoke Defendant's

supervised release after numerous urine samples provided by Defendant tested

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

positive for methamphetamines and Defendant was charged in Oklahoma state court with possession of drug paraphernalia and other prohibited items.

During the revocation hearing, defense counsel stipulated the court could find by a preponderance of the evidence that the alleged violations had taken place. Defendant declined to speak and the court found, by a preponderance of the evidence, that Defendant violated his conditions of supervised release. The court sentenced Defendant to forty-eight months' imprisonment.

In his § 2255 motion, Defendant contended his counsel was ineffective. The district court analyzed this claim under the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." *Id.* at 687.

The court found that Defendant made an insufficient showing as to both parts of the *Strickland* test because defense counsel reasonably decided to stipulate to violations rather than futilely contest them and Defendant had not demonstrated another course of action would have produced a different result. The district court also rejected Defendant's general objections to the preponderance-of-the-evidence standard used in his supervised release revocation hearing based on this circuit's holding that such hearings do not entitle a defendant to a jury proceeding or to the beyond-a-reasonable-doubt standard used in criminal trials. *See United States v. Cordova*, 461 F.3d 1184, 1186-88 (10th Cir. 2006). Finally, the court rejected Defendant's claim of "actual innocence" of violating his supervised release by

2

committing the charged state drug crimes because Defendant failed to adequately support that claim and, regardless, the court had ample evidence that Defendant violated his release conditions even without considering the state criminal charges.

After thoroughly reviewing Defendant's arguments and the record on appeal, we are persuaded that reasonable jurists would not debate the correctness of the district court's resolution of this claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, for substantially the same reasons given by the district court in its thorough and well-reasoned opinion, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge